UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO GARCIA SOLANO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-04462-KES-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>(A-Number: 222-557-110)<br><br>(Doc. 1)<br><br>**<u>14-DAY OBJECTION PERIOD</u>** |

Petitioner Marco Garcia Solano, a federal immigration detainee proceeding pro se, initiated this action on June 10, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for temporary restraining order ("TRO"). (Docs. 1, 2). Petitioner is in custody of Immigration and Customs Enforcement ("ICE") at the California City Immigration Processing Center. (Doc. 1 at 3).

On June 23, 2026, the Court denied Petitioner's TRO motion, finding Petitioner received an individualized § 1226(a) bond hearing on June 11, 2026, at which bond was denied, and to the extent he seeks a second § 1226(a) bond hearing, he has not shown that he is likely to succeed on that claim. (Doc. 7) (citing Doc. 6-3). The Court referred the matter to the undersigned for further proceedings, including the preparation of findings and recommendations on the petition. *Id.*

At the Court's direction (Doc. 8), Respondents filed a statement of intent to file no further briefing on the petition on July 7, 2026. (Doc. 9); *see* (Doc. 6). Petitioner thereafter filed a traverse

and supplemental briefing in support of the petition on July 13, 2026. (Docs. 10, 11).

## I. Relevant Background

Petitioner is a native and citizen of Mexico who unlawfully entered the United States without inspection and was apprehended by immigration authorities on April 9, 2010. (Doc. 6 at 1); (Doc. 6-1 at 2) (April 20, 2026, Form I-213 Record of Deportable/Inadmissible Alien). Petitioner was granted voluntary return to Mexico. *Id.*

On June 10, 2015, Petitioner was convicted in the Third Judicial District – South Salt Lake Justice Court in Utah for a DUI offense in violation of Utah statute 41-6A-502, a Class B misdemeanor, for which he served a term of 180 days. *Id.*

On April 18, 2026, Petitioner was arrested by Summit County Sherriff Department authorities for a pending DUI charge in violation of Utah Statute 41-6A-502(1)+(2a) and was detained at the Summit County Jail in Park City, Utah. *Id.* Petitioner thereafter was released into ICE custody on April 20, 2026, and was issued a Notice to Appear and placed in removal proceedings under section 240 of the Immigration and Nationality Act ("INA") as an alien present in the United States who has not been admitted or paroled. *Id.*; (Doc. 6-2) (April 20, 2026, Notice to Appear).

On June 10, 2026, the immigration judge held a custody redetermination hearing. (Doc. 6-3) (June 11, 2026, immigration judge custody redetermination order). The immigration judge denied bond because the immigration court lacks jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) and alternatively, Petitioner did not establish that he is not a danger to the community given his June 2015 DUI conviction from which he was sentenced a term of 180 days in jail and his April 18, 2026, arrest and pending charge for a separate DUI. *Id.* at 2. Petitioner did not timely appeal the denial of bond order. *Id.* at 3; (Doc. 6 at 2).

The Court takes judicial notice that Petitioner's immigration case remains pending, with an individual hearing scheduled for September 10, 2026.[1]

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 26, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information

**II. Governing Authority**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

Here, Respondents do not challenge this Court's jurisdiction to adjudicate the petition (*see generally* Doc. 6) and under the authorities cited above, the Court finds it properly may exercise jurisdiction over the merits of the petition.

**III. Discussion**

Regarding Respondents' argument that the petition should be denied for Petitioner's failure to exhaust administrative remedies (Doc. 6 at 5-6), the Court finds that the prudential exhaustion requirement should be waived as it would be futile for Petitioner to seek release by administrative means given Respondents' position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), and Petitioner must remain incarcerated under that framework without individualized process. *See* (Doc. 6 at 1). Petitioner therefore lacks recourse to the relief he seeks through statutory or administrative means. *See Hernandez v. Sessions*, 872 F.3d 976, 998 (9th Cir. 2017) ("[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'") (quoting *Laing v.*

---

displayed [ ] therein."); *Argueta v. Walgreens Co*., 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

*Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

**A. Section 1226(a)**

Respondents filed a response to the petition in which they argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). (Doc. 6 at 1). But the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in Petitioner's circumstances.

**B. Petitioner's Detention and Bond Hearing Were Consistent with the Governing Statutory and Regulatory Scheme and with Due Process**

"Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19). "If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk, the IJ will order his release." *Id*. (internal quotation and citations omitted).

While detained, Petitioner requested a custody redetermination as provided for under section 1226(a). An immigration judge denied Petitioner bond based on a finding of "no jurisdiction" and, alternatively, because Petitioner failed to establish that he was not a danger to the community. (Doc. 6-3). The immigration judge properly found that Petitioner's previous June 2015 DUI conviction and subsequent arrest and pending charge for DUI in April 2026, raised concern that his conduct is part of a pattern of engaging in behavior that is "extremely dangerous" to the community. *Id.* (citing *Matter of Guevara*, 20 I&N Dec. 238 (BIA 1991); *Matter of Siniauskas*, 27 I&N Dec. 207, 208 (BIA 2018)). Therefore, because the immigration judge permissibly denied bond in finding Petitioner presents a risk of danger, and the record evidence demonstrates Petitioner received due process as required under § 1226(a), the bond hearing was not constitutionally defective and no further process is required by the INA.

Petitioner is incorrect in arguing that "due process requires that the government bear the burden of proving by clear and convincing evidence that [his] detention is necessary to prevent

danger to the community or risk of flight[,]" (Doc. 10 at 3). Instead, under § 1226(a) and its implementing regulations, the noncitizen bears the burden of demonstrating to the immigration judge by a preponderance of the evidence that the detainee warrants release on bond. *See Rodriguez Diaz*, 53 F.4th at 1193–94; *In re Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).

Petitioner's attempt to distinguish *Rodriguez Diaz* in contending that "a second bond hearing is not required only when there was no constitutional error at the first hearing" (Doc. 10 at 3) is unavailing because, as discussed above, Petitioner has not identified any constitutional error from his initial bond hearing. In *Rodriguez Diaz*, the Ninth Circuit found that the immigration judge properly concluded that the petitioner presented a danger to the community due to his extensive criminal history, and, thus, that denial of bond was not constitutionally defective. The Court found that the procedure provided for under § 1226(a) satisfied due process, and to the extent a petitioner disagrees with the merits of the immigration judge's bond decision, he may appeal that decision to the BIA. *Rodriguez Diaz*, 53 F.4th at 1196-97, 1213. Additionally, as *Rodriguez Diaz* instructs, Petitioner has the right to seek a new bond hearing "when circumstances materially change" (*see id.* at 1202); here, however, Petitioner has not identified or argued any changed circumstances that could entitle him to a new bond hearing. Therefore, the immigration judge applied the proper burden and Petitioner's bond hearing was not constitutionally defective.

Separately, Petitioner's argument that he is entitled to a pre-deprivation hearing at the outset (*see* Doc. 11 at 1-2) is incorrect. § 1226(a) and its implementing regulations provide immigration authorities the discretion to arrest and detain noncitizens pending removal proceedings. *Rodriguez Diaz*, 53 F.4th at 1196. The arresting immigration authority (*e.g.* ICE officer) makes an initial custody determination based on a consideration of the risks of danger and flight that the noncitizen's release would present. *Id.* (citing 8 C.F.R. § 236.1(c)(8)). Therefore, because Petitioner permissibly was detained by an immigration officer under § 1226(a) following his April 2026 arrest for a pending DUI charge, and thereafter received a bond hearing before an immigration judge, he received the process due consistent with the statute and the Fifth Amendment's Due Process Clause.

Petitioner separately contends that his detention is prolonged and violates due process.

(Doc. 1 at 10; Doc. 10 at 5). But as noted above, Petitioner has been detained for approximately four months since he was first apprehended by immigration authorities in April 2026, and for approximately two months since an immigration judge denied bond following an individualized hearing that complied with the statutory and regulatory scheme. To the extent Petitioner seeks for this Court to reweigh evidence already considered by the immigration judge to arrive at a different conclusion about the propriety of release, the Court may not entertain that requested relief. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) (noting immigration detainees can appeal bond decisions to the Board of Immigration Appeals and "discretionary decisions granting or denying bond are not subject to judicial review).

To the extent Petitioner raises an as-applied procedural due process challenge to his continuing detention by immigration authorities, the undersigned considers (1) "whether there exists a protected liberty interest under the Due Process Clause, and … [(2)] the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

"There is … a meaningful distinction between a challenge to an initial period of detention, … and a challenge to *re-detention* after a court has previously granted release on bond pending immigration proceedings." *Carballo v. Andrews, et. al*, No. 1:25-cv-00978-KES-EPG, at 2025 WL 2381464, at *7 (E.D. Cal. Aug. 15, 2025) (emphasis in original). "'[T]he liberty interests of [an individual] who is re-arrested differ from the liberty interests of a detained person.'" *Id.* (*quoting Guillermo M.R. v. Kaiser*, No. 25-cv-05436-RFL, 2025 WL 1810076, at *1 (N.D. Cal. June 30, 2025)). "In the former situation, where ICE detains an individual upon their release from a correctional facility, without any substantial intervening period of release, that individual has no opportunity 'to form the [] enduring attachments of normal life.'" *Id.* (*quoting Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

Here, Petitioner has resided in the United States for 16 years and was gainfully employed during that time. (Doc. 1 at 1-2). After Petitioner served his term of imprisonment for his initial DUI conviction in June 2015, he continued to reside in the United States until he was detained by

immigration authorities in April 2026. Given Petitioner's time in the United States and ability to form "enduring attachments of normal life" (*Morrissey*, 408 U.S. at 482), Petitioner plainly maintains the general liberty interest to be free from detention that the Supreme Court recognized in *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

However, any such general liberty interest Petitioner may assert in freedom from detention is undermined by a number of factors. First, this is not a case where a petitioner accrued a liberty interest after an initial period of detention by immigration authorities followed by release, implicating their affirmative assessment that the petitioner was not a flight risk or danger to the community. Instead, Petitioner was immediately brought into immigration custody following his arrest for a pending DUI charge in April 2026, which follows his conviction for an earlier DUI charge (in June 2015). And second, Petitioner was afforded the opportunity to appeal the immigration judge's decision denying bond but he has not done so and the time to do so has expired. *See* (Doc. 6-3 at 3) ("Appeal Due: 07/13/2026").

Although Petitioner's liberty interest appears diminished given the above considerations, in light of that protected liberty interest to be free from detention, the undersigned considers what process is due before the government may terminate that interest based on the following factors articulated in *Mathews*: "[(1)] the private interest that will be affected by the official action; [(2)] the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and [(3)] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see Hernandez v. Sessions*, 872 F.3d 976, 993-94 (9th Cir. 2017) (applying *Mathews* test in immigration detention context).

As to the first factor, Petitioner has not shown that he has a significant private interest in a subsequent bond hearing given he was provided a custody redetermination hearing on June 11, 2026, that affirmed his detention was proper upon a finding that Petitioner failed to demonstrate that he is not a danger to the community given his DUI conviction and more recent arrest. *See* (Doc. 6-3).

As to the second factor, the risk of an erroneous deprivation of Petitioner's liberty interest is low as Petitioner received a custody redetermination hearing and Petitioner failed to meet his burden to establish that he is not a danger to the community and the record does not show whether Petitioner appealed the denial of bond to the BIA. *See id.*; *Rodriguez Diaz*, 53 F.4th at 1210 ("[T]he agency's decision to detain [Petitioner] was subject to numerous levels of review, each offering [Petitioner] the opportunity to be heard by a neutral decisionmaker. These procedures ensured that the risk of erroneous deprivation would be 'relatively small.'") (citing *Yagman v. Garcetti*, 852 F.3d 859, 865 (9th Cir. 2017)). Further, Petitioner does not establish "the probable value, if any" of a subsequent bond hearing, such as any changed circumstances or additional evidence that would change the outcome of Petitioner's bond determination. *See Mathews*, 424 U.S. at 334; *cf. Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("[G]iven that Petitioner was previously found to not be a danger or risk of flight and the unresolved questions about the timing and reliability of the new information, the risk of erroneous deprivation remains high."). Therefore, this factor weighs against finding that an additional bond hearing is constitutionally required.

Third, the government has a clear interest in detaining Petitioner to "'protect[] the public from dangerous criminal aliens.'" *Rodriguez Diaz*, 53 F.4th at 1208 (citation omitted); *see id.* ("The longer detention lasts and the longer the challenges to an IJ's order of removal take, the more resources the government devotes to securing an alien's ultimate removal."). Therefore, this factor weighs against Petitioner.

In sum, the undersigned finds that, under *Mathews*, Petitioner is not entitled to a bond hearing. And because the undersigned separately finds that Petitioner's detention and the decision of the immigration judge who presided over his individualized custody redetermination hearing complied with the governing statutory and regulatory scheme and afforded adequate due process, the undersigned will recommend that Petitioner's petition for writ of habeas corpus be denied.

## IV. Conclusion and Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be DENIED.
2. The Clerk of the Court be DIRECTED to enter judgment in favor of Respondents and

close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 27, 2026**

UNITED STATES MAGISTRATE JUDGE