UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO GARCIA SOLANO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-04462-KES-CDB (HC)<br><br>(A-Number: 222-557-110)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Docs. 1, 12 |

Marco Garcia Solano, a federal immigration detainee, initiated this action on June 10, 2026, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for temporary restraining order ("TRO") while in custody of Immigration and Customs Enforcement ("ICE") at the California City Immigration Processing Center. Docs. 1, 2. On June 23, 2026, the court denied petitioner's TRO motion and referred the matter to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition. Doc. 7.

On August 28, 2026, the assigned magistrate judge issued findings and recommendations to deny the petition for writ of habeas corpus. Doc. 12. The findings and recommendations were served on the parties and petitioner timely filed objections and a notice of intervening controlling authority. Docs. 13, 14.

In accordance with 28 U.S.C. § 636(b)(1), this court performed a de novo review of this case. Having carefully reviewed the matter, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis. Petitioner's objections do not provide a basis for the court to reject the findings and recommendations. Although petitioner argues that the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), constitutes a change of law, petitioner's objections do not meaningfully address the immigration judge's alternative ground for denial of bond based on the finding that petitioner posed a danger to the community due to his prior DUI conviction and his new DUI charge in 2026. Nor has petitioner established a basis for habeas relief. Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and may request a new bond hearing in immigration court upon a showing of changed circumstances. *See* 8 C.F.R § 1003.19(e).

Accordingly,

1. The findings and recommendations issued on August 28, 2026, Doc. 12, are adopted in full;
2. The petition for writ of habeas corpus, Doc. 1, is denied.
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 27, 2026

UNITED STATES DISTRICT JUDGE